■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYOUNG JA CHOI, Appellant. [687 NYS2d 137] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 1, 1996, convicting defendant, after a jury trial, of attempted grand larceny in the first and second degrees, violating General Business Law § 352-c (1), attempting to violate General Business Law § 352-c (6), and attempted commercial bribery in the first degree, and sentencing her to concurrent terms of 2 to 6 years and 1 year on the attempted grand larceny convictions and conditional discharges on the remaining convictions, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence to prove that defendant committed the crime of attempted grand larceny in the first degree (*People v Mahboubian*, 74 NY2d 174, 190). Defendant completed the most difficult part of the criminal scheme by paying bribe money to a person she believed to be the intended victim's banker (who was actually an undercover detective) and thereby obtaining the victim's feigned agreement to wire money into defendant's account upon the delivery of certain documents by defendant. The remaining steps in the criminal scheme were within defendant's control since the evidence revealed that defendant was capable of producing false documents to satisfy her obliga-

tions under the contract. While the success of defendant's scheme would have required various bank officials to succumb to her deception, and while it may have been unlikely that all the requisite officials would have been so deceived, this does not relieve defendant of liability because impossibility is no defense to an attempted crime (Penal Law § 110.10).

The indictment together with the People's response to defendant's omnibus motion and discovery material provided to defendant gave adequate notice of the charges against her and the prosecution was not required to include evidentiary material in a bill of particulars (CPL 200.95 [1]; *People v Davis*, 41 NY2d 678, 679-680).

We perceive no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Tom, Wallach and Mazzarelli, JJ.